# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 16, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

137068

DIXIE LEE ANDERSON,
        Plaintiff-Appellee,

v

DOYLE ANTHONY HAYES, SR.,
        Defendant-Appellant.

SC: 137068
COA: 273914
Kent CC: 04-002870-DO

_____/

On order of the Court, the application for leave to appeal the July 1, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J. (*concurring*).

I join the order denying leave to appeal. I write separately to express my respectful disagreement with Justice Markman's interpretation of the trial court's comments in determining the value of defendant's company, Pyper Products. The trial court adopted the valuation of plaintiff's rebuttal expert, Christine Baker. Justice Markman opines that the court made this decision "without any explanation, stating, 'I'm not going to go into the rationale.'"

I read the court's comments somewhat differently. The court stated: "The Court finds that the appropriate valuation of [Pyper] is pursuant to Ms. Baker's testimony, based on her—I'm not going to go into the rationale, but the Court does adopt her position with regard to the valuation of [Pyper]."

These comments reflect that the court adopted Baker's valuation. Because the court referred to Baker's testimony immediately before stating that the court would not "go into the rationale," it appears that the court was referring to *Baker's* rationale, which the court was adopting. I do not read the court's comments as a refusal to state the court's own rationale for its decision.[1]

Accordingly, I concur in the denial of leave to appeal.

_____
[1] Contrary to Justice Markman's assertion, my interpretation does not amount to "speculation" or "conjecture." The court's comments fairly reflect the meaning I have suggested.

MARKMAN, J. (*dissenting*).

In this divorce action, the parties are disputing the valuation of one of the defendant's closely held companies, Pyper Products. This valuation was the principal issue at the five-day bench trial. The trial court heard the testimony of the parties' two principal valuation experts, as well as the testimony of plaintiff's rebuttal expert. Plaintiff's principal expert testified that Pyper's value is $4.5 million; defendant's principal expert testified that Pyper has a negative value; and plaintiff's rebuttal expert testified that Pyper's value is $3,269,000. The trial court adopted the rebuttal expert's valuation without any explanation, stating, "I'm not going to go into the rationale."

Our role as an appellate court is to determine whether the trial court clearly erred in concluding that Pyper's value is $3,269,000. However, this role cannot be carried out properly, and we cannot accord the necessary deference to the trial court, if we do not know *why* the trial court has chosen this figure. That it may fall somewhere in the middle of the experts' valuations, or that it may be consonant with the valuation of one of these experts and therefore likely to be sustained if supported by a reasonable explanation, is not sufficient to sustain the trial court's determination. Rather, the judicial process is largely a process of analysis, not of results. Both the parties and reviewing judges in the appellate process are entitled to something more on the part of the trial court than a conclusory statement. Simply put, they are entitled to know why the trial court chose *this* valuation over alternative valuations.[2]

The valuation issues in this case are admittedly complex. However, it is this very complexity that imposes an obligation on the trial court to communicate to the parties that it has reasonably comprehended the issues and appreciated the nuances of their arguments. Although a trial court is, of course, not obligated to comment on every matter in evidence, it *is* obligated, I believe, to explain at least minimally its decisions on the principal issues before it. Here, the trial court's single sentence of non-explanation did not satisfy this obligation. For these reasons, I would remand this case to the trial court for it to explain the rationale for its decision.

---

[2] Justice Corrigan supplies what is admittedly a conceivable rationale for the trial court's decision, although, of course, it is a rationale based exclusively on conjecture and speculation, given that the trial court *itself* said nothing as to this rationale. Although I do not suggest the following is true of the trial court in this case, a trial court that had utterly *no* knowledge of the issues, other than that someone named Ms. Baker had testified about valuation, could have made the exact same statement as the trial court in this case.

3

HATHAWAY, J., not participating. To avoid unnecessary delay to the parties in cases considered by this Court before I assumed office, I follow the practice of previous justices in transition and participate only in cases that need my vote to achieve a majority for a decision.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 16, 2009

_____
Clerk

s0113